# Third District Court of Appeal
## State of Florida

Opinion filed May 12, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-524
Lower Tribunal No. 20-9219
_____

**Michael Ducote, et al.,**
Petitioners,

vs.

**Riacho, LLC, etc.,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Kula & Associates, P.A., and Elliot B. Kula and W. Aaron Daniel and William D. Mueller, for petitioners.

De La Peña Group, P.A., and Leoncio E. de la Peña D., Otto C. de Córdoba and Tracy Pérez, for respondent.

Before SCALES, LOBREE and BOKOR, JJ.

PER CURIAM.

Petitioners Michael Ducote and Gulflet Properties, LLC seek certiorari review of a February 1, 2021 trial court order that overruled Petitioners' objections to a non-party discovery subpoena. The subpoena was directed toward Petitioners' former law firm, Adams & Reese, LLP (the "Law Firm"), which also served as the escrow agent for a real estate transaction.

*After* entry of both the challenged order and Petitioners' February 15, 2021 filing of the instant petition, the discovery subpoena was served on the Law Firm, and the Law Firm filed its own motion for protective order objecting to the subpoena. Just as Petitioners had argued in their objections, the Law Firm's motion asserted that several of the sought documents were privileged.

On March 11, 2021, the trial court conducted a hearing on the Law Firm's objections and entered a March 12, 2021 order that grants in part the Law Firm's motion for protective order (the "March 12th Order"). In relevant part, the March 12th Order requires Petitioners to review the sought documents with the Law Firm and prepare a privilege log pursuant to Florida Rule of Civil Procedure 1.280(b)(6). The March 12th Order also requires Petitioners to produce to respondent Riacho, LLC all documents for which no privilege is claimed. As to the documents for which a privilege is claimed, the March 12th Order provides that the trial court will conduct "an evidentiary

2

hearing and conduct an *in camera* review where necessary, prior to production of such documents."

Neither party has challenged the March 12th Order, which appears to assuage the concerns raised in Petitioners' petition. We therefore exercise our discretion not to reach the merits of the petition and, instead, dismiss the petition as having been mooted by the trial court's entry of the March 12th Order.

Petition dismissed as moot.